819 P.2d 1302

**Jimmy MATHIS and Benny Mathis, Petitioners,**

v.

**STATE of New Mexico, Respondent.**

**No. 19717.**

Supreme Court of New Mexico.

Sept. 24, 1991.

Jacquelyn Robins, Chief Public Defender, Hollis Ann Whitson, Appellate Defender, Jerry Todd Wertheim, Asst. Appellate Defender, Santa Fe, for petitioners.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FRANCHINI, Justice.

We granted certiorari to consider the following questions: (1) whether the court of appeals erred in its interpretation of our writ of prohibition, and (2) whether the court of appeals erred in reversing the trial court's order of dismissal based upon the state's bad faith failure to provide discovery. We answer yes to both questions, reverse the court of appeals, and remand for dismissal.

Jimmy and Benny Mathis were charged with drug trafficking based on information supplied to the state by Owen Bradley, a paid informant. On February 4, 1988, defendants filed a motion for discovery, requesting in part a list of all cases filed by the State of New Mexico pursuant to information received from Bradley. Bradley had arranged and personally transacted the alleged drug deals with defendants in this case. He was the prosecution's key witness, and the discovery information requested by defendants was crucial to their ability to cross-examine Bradley and test his credibility.

On July 25, 1988, the district court entered an order granting some of defendants' discovery requests, specifically:

> A complete list by style to include but not limited to Defendants' names, courts, court numbers, dates of filing, and summary of charges of every case filed by the State of New Mexico in any court in the State of New Mexico which was based upon information supplied by Owen Bradley.

The list was to include only cases "now public in which Owen Bradley's identity was disclosed."

The state failed to provide the discovery, and on November 18, 1988, the district court heard and denied defendants' motion to dismiss for failure to comply with the discovery order. During the course of the hearing, it became obvious that the New Mexico Department of Public Safety (the Department) had not cooperated with the district court in producing the discovery material, and the court ordered the Department to deliver the requested discovery. On January 5, 1989, the court denied the

Department's motion to set aside the November 18, 1988 order, and gave the Department until March 1, 1989, to comply with the discovery.

About a week before the deadline, the Department filed a petition with this court for a writ of prohibition, seeking relief from the district court's discovery orders on jurisdictional grounds. On April 12, 1989, we issued an alternative writ of prohibition, setting aside the November 18, 1988 and January 5, 1989 orders, and ordering the district court to proceed under the July 25, 1988 order after granting the Department notice and an opportunity to be heard.

In accordance with our writ, on June 15, 1989, the district court ordered the Department to show cause why it should not comply. The Department appeared specially at the hearing to object on the same jurisdictional grounds it presented to us at the hearing on the writ of prohibition. On June 30, 1989, the district court ordered the state to produce the materials by July 10, 1989.

On July 10, 1989, the Department filed the affidavit of Major A. Wickard, head of the Department's Narcotics Bureau. The affidavit stated that he had searched the records, and that the records showed Bradley had worked with New Mexico State Police narcotics agents—some currently active and others retired; that he had contacted the currently employed agents but none of them recalled the informant's name being made public; that he had made several unsuccessful attempts to contact retired officers; and that the Narcotics Bureau records did not indicate Bradley's name being made public.

On September 19, 1989, the district court granted defendants' motion to dismiss the case with prejudice for failure to comply with the July 25, 1988 order. The court found the entire eighteen-month delay in the case attributable to the Department's reluctance to provide discovery even when ordered to do so. The district court also found that the Wickard affidavit did not establish that the Department acted in good faith in this matter. The Department appealed and the court of appeals reversed, finding an abuse of discretion in the dismissal of the criminal charges. *State v. Mathis*, 111 N.M. 687, 808 P.2d 972 (Ct.App. 1991).

■ First, we address the effect of our permanent writ issued April 12, 1989. The writ set aside the district court's orders of November 18, 1988, and January 5, 1989, and ordered the district court to desist from entering further orders to the Department without giving the Department prior notice and an opportunity to be heard. Additionally, we ordered the district court to proceed under its prior order of July 25, 1988, in "a manner not inconsistent with this order." The court of appeals majority interpreted the writ as not barring "the Department or its officials from challenging the July 25, 1988 order as it might affect them after they were afforded notice and an opportunity to be heard." *Mathis*, 111 N.M. at 691, 808 P.2d at 976. It reasoned that to interpret the writ otherwise would render the right to notice and a hearing superfluous. We disagree, and find that the writ foreclosed additional challenges by the Department to the district court's authority to order the discovery.

■ To allow yet another challenge by the Department would destroy the prosecutorial team concept as set forth in *State v. Wisniewski*, 103 N.M. 430, 708 P.2d 1031 (1985). In *Wisniewski*, we held that the requirement set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), of disclosing exculpatory evidence, applies to all members of the prosecutorial team, including police authorities. *Wisniewski*, 103 N.M. at 435, 708 P.2d at 1036. The purpose of the Department of Public Safety is "to establish a single unified, department to consolidate state law enforcement and safety functions in order to provide better management, real coordi-

nation and more efficient use of state resources." NMSA 1978, § 9–19–3 (Repl. Pamp.1991). The Department is the "state" for purposes of criminal prosecutions and the prosecutor is the attorney for the "state." Allowing yet another jurisdictional challenge to the discovery order would result in a dangerous precedent, divorcing from the prosecutorial team such agencies as the state crime lab, motor vehicle department, corrections, human services and others. We must remember that the purpose of discovery is to ascertain the truth. *State v. Manus*, 93 N.M. 95, 103, 597 P.2d 280, 288 (1979). Also, "the interest of the prosecution is not that it shall win the case, but that it shall bring forth the true facts surrounding the commission of the crime so that justice shall be done * * *." *United States v. Butler*, 567 F.2d 885, 893 (9th Cir.1978) (Ely, J., concurring).

Additionally, we can understand how the court of appeals misinterpreted our previous order, and we agree with the dissent that our writ should have been more explicit on this issue. By requiring notice and providing an opportunity to be heard to the Department, we were affording it a chance to inform the court of any logistical or confidential problems relating to the discovery requests, and giving it an opportunity to argue in favor of guidelines, time constraints, and against dismissal. In view of the foregoing, the Department, having received the notice required by our writ, was foreclosed from challenging the district court's authority to order discovery.

■ Preliminary to our discussion of whether dismissal of the criminal charges was an abuse of discretion, we first note that the court of appeals majority questions the propriety of the material ordered disclosed. For example, the opinion finds the Department "had no obligation to conduct an investigation going beyond a summary of information contained in the documents within the Department's possession, custody, or control." · *Mathis*, 111 N.M. at 692, 808 P.2d at 977. We do not address whether creating the list from the Bradley records was a reasonable request, or whether the information was cumula-

tive, since the state abandoned these issues when it appeared at the show cause hearing specially to object on jurisdictional grounds only. Because the state did not make a specific objection to the propriety of the ordered discovery, we will treat the case on appeal as if no objection was made. *See, e.g., State v. Lopez*, 84 N.M. 805, 809, 508 P.2d 1292, 1296 (1973); *State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct.App.1986). Additionally, as the dissent in the court of appeals opinion notes, "no sanction is appropriate if the requested disclosure was not proper within the rules, although if the court has previously ordered it disclosed further objection to its disclosure is moot and it must be produced." *Mathis*, 111 N.M. at 697, 808 P.2d at 982 (emphasis omitted) (quoting 2 C. Wright, *Federal Practice and Procedure: Criminal* § 260, at 121 (2d ed. 1982). The district court determined that disclosure was necessary for a fair trial. Specifically, the court found that Bradley's relationship with the state police was relevant information and that defendants were entitled to discover his history in order to cross-examine him effectively. *See State v. Baldizan*, 99 N.M. 106, 108, 654 P.2d 559, 561 (Ct. App.), *cert. denied*, 99 N.M. 148, 655 P.2d 160 (1982) (trial court improperly granted state's motion to limit cross examination of its principal witness against defendant).

■ We do not find an abuse of discretion by the district court in dismissing the criminal charges. Sanctions for not complying with discovery orders are discretionary with the trial court. *State v. Tomlinson*, 98 N.M. 337, 339, 648 P.2d 795, 797 (Ct.App.), *rev'd on other grounds*, 98 N.M. 213, 647 P.2d 415 (1982). Although dismissal is an extreme sanction to be used only in exceptional cases, *State v. Bartlett*, 109 N.M. 679, 680, 789 P.2d 627, 628 (Ct.App. 1990), we find the ruling at issue not to be an abuse of discretion. *See, e.g., State v. Brionez*, 91 N.M. 290, 293, 573 P.2d 224, 227 (Ct.App.), *cert. denied*, 91 N.M. 249, 572 P.2d 1257 (1977) (an abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances in the case). This is particularly so viewing the evidence, along with the many inferences to be drawn therefrom, in the

light most favorable to the district court's decision. *See State v. Lucero,* 88 N.M. 441, 445, 541 P.2d 430, 434 (1975).

■ Dismissal is appropriate if the defendant can show he will be deprived of a fair trial if he is tried without the missing evidence. *Bartlett,* 109 N.M. at 681, 789 P.2d at 629. Although prejudice must be shown before a defendant is entitled to relief, the focus in determining prejudice is on whether the missing evidence is important and critical to the case. *Tomlinson,* 98 N.M. at 339, 648 P.2d at 797. Unlike *Bartlett* and *Tomlinson,* this case was never tried, making it difficult for us to determine the strength of the other evidence in the case. We know from the record and findings that Bradley's testimony formed the basis of the state's case against defendants. Defense counsel proposed to attack Bradley's credibility by showing that he was motivated to fabricate alleged drug transactions to support himself and his drug addiction. "The right of cross-examination is a part of the constitutional right to be confronted with the witnesses against one." *State v. Sparks,* 85 N.M. 429, 430, 512 P.2d 1265, 1266 (Ct.App.1973). Because Bradley's testimony was crucial to the state's case, evidence dealing with his credibility could be expected to have a significant impact on the jury. There is a substantial basis for supposing that the undisclosed evidence might undercut the prosecutor's case. *See State v. Gillette,* 102 N.M. 695, 700, 699 P.2d 626, 631 (Ct. App.1985) (defendant not denied due process because there was no substantial basis for supposing that lost evidence would have undercut prosecution's case). Depriving defendants of the missing evidence is prejudice capable of sustaining the dismissal.

■ Finally, the district court's finding that the Department acted in bad faith strongly supports our conclusion that the district court was within its sound discretion in dismissing the case. First, the district court found that the Department, both before and during the show cause hearing, evaded its discovery obligation and engaged in a pattern of evasion. Assessment of the credibility of evidence is for the trial court to determine, and the trial court can therefore view the affidavits and testimony received and decide whether to believe

them. *See Southern Union Exploration Co. v. Wynn Exploration Co.,* 95 N.M. 594, 597–98, 624 P.2d 536, 539–40 (Ct.App.), *cert. denied,* 95 N.M. 593, 624 P.2d 535 (1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 461 (1982). The record supports the district court's finding that the Department lacked good faith and deliberately refused to respond to the discovery order.

Based on the foregoing, we find that the district court correctly proceeded on our April 12, 1989 writ, and did not abuse its discretion in dismissing the charges. The district court balanced its duty to ensure that defendants had a fair trial against the lack of reasonable explanation for the state's nondisclosure. Therefore, we reverse the court of appeals and affirm the district court's dismissal.

IT IS SO ORDERED.

SOSA, C.J., and MONTGOMERY, J., concur.