1999-NMCA-004

972 P.2d 1150

**STATE of New Mexico, Plaintiff–
Appellant,**

v.

**Patty Ann SANCHEZ, Defendant–
Appellee.**

No. 18,537.

Court of Appeals of New Mexico.

Nov. 13, 1998.

Tom Udall, Attorney General, Joel Jacob-
sen, Assistant Attorney General, Santa Fe,
for Appellant.

Michael W. Lilley, Michael W. Lilley, P.A.,
Las Cruces, for Appellee.

*OPINION*

APODACA, J.

{1} The State appeals from the trial
court's suppression of evidence. Defendant
was charged with one count of possession of
marijuana with intent to distribute, in viola-
tion of NMSA 1978, § 30–31–22(A)(1)(a)
(1990) and one count of conspiracy to so
possess, in violation of the same statute and
NMSA 1978, § 30–28–2 (1979). The trial
court ruled that, because a federal agency
destroyed the bulk of the marijuana, the
State would be prohibited from introducing
testimony as to the full amount and weight of
marijuana seized and from introducing pho-
tographs of the marijuana. Relying on *State
v. Chouinard,* 96 N.M. 658, 661, 634 P.2d 680,
683 (1981), the State makes three claims on
appeal: (1) the evidence was not material, (2)
there was no prejudice, and (3) the federal
government, not the State, destroyed the
evidence. We agree with the State that De-
fendant failed to show under *Chouinard* that
destruction of the evidence would prejudice
her. We thus reverse for further proceed-
ings consistent with this opinion.

**I. FACTUAL AND PROCEDURAL BACK-
GROUND**

{2} In November 1996, federal border
patrol agents seized 72 pounds of marijuana
they found in Defendant's car after being
alerted by a drug-sniffing dog during a
search at a border check point. Her case
was referred to New Mexico state authorities
for prosecution. A grand jury indicted her
on the two counts noted above.

{3} The federal Drug Enforcement
Agency (Agency) scheduled destruction of
the seized marijuana pursuant to 21 U.S.C.A.
§ 881(f)(2) (1998) (providing that the Attor-
ney General may direct the destruction of
controlled substances). Defendant's trial
counsel received notice of the scheduled de-
struction in December 1996. The notice stat-
ed that the marijuana would be destroyed
unless the United States Attorney informed

the Agency otherwise. The Agency eventually destroyed all of the marijuana except for five representative samples. Before trial, the State filed an unusual motion in the trial court entitled "Motion to Proceed to Trial Without Physical Evidence." At the hearing on that motion, the State argued to the trial court that deprivation of the evidence was permissible under the three-part test pronounced in *Chouinard*, 96 N.M. at 661, 634 P.2d at 683. Under *Chouinard*, to determine if deprivation of evidence warrants sanctions against the State, the court must consider whether:

1) The State either breached some duty or intentionally deprived the defendant of evidence;

2) The improperly "suppressed" evidence was material; and

3) The suppression of the evidence prejudiced the defendant.

*See id.* (citing *State v. Lovato*, 94 N.M. 780, 782, 617 P.2d 169, 171 (Ct.App.1980)).

{4} In arguing in support of its motion, the State contended that it did not deprive Defendant of the evidence because Defendant received notice of the intended destruction. Although the State conceded that the evidence was material, it also argued that the eventual destruction did not prejudice Defendant. The State noted that Defendant could have viewed the evidence prior to destruction and that the State retained samples and photographs of the evidence. Defendant asserted prejudice because she did not have the opportunity to test the packages for fingerprints or evaluate them for marijuana odor. Consequently, at the trial court hearing, Defendant requested preclusion of testimony by the State concerning whether a human could have smelled the marijuana. Defendant also noted to the trial court that she could argue that the State did not check the packages for stalks in determining the weight of the evidence.

{5} In response, the State offered, and the trial court ordered, that testimony concerning detection of marijuana odor by law enforcement persons before its discovery in Defendant's vehicle be prohibited. Without explanation, however, the trial court also prohibited the State from mentioning the full amount and weight of the seized marijuana to the jury and precluded the State from introducing photographs of the marijuana. In effect, this ruling permitted the State to try Defendant solely for possession of the five samples that had been preserved by the Agency.

## II. DISCUSSION

### A. Standard of Review

█ {6} We review the trial court's decision for an abuse of discretion. *See State v. Riggs*, 114 N.M. 358, 361, 838 P.2d 975, 978 (1992) (reviewing trial court's decision on unavailable evidence for an abuse of discretion).

### B. The State's Duty to Preserve the Evidence

{7} Defendant argues that the State had a duty to preserve the evidence even though the federal government was vested with ownership of it. *See* NMSA 1978, § 29–1–11(E) (1997) (recognizing federal law enforcement officers as New Mexico peace officers). *State v. Stephens*, 93 N.M. 368, 369, 600 P.2d 820, 821 (1979), recognizes that "the State has a duty to preserve, where reasonably practical, relevant evidence obtained in the investigation of a crime." *See also* Rule 5–501 NMRA 1998 (providing for State's disclosure of evidence to defendant). The State does not dispute that it had a duty, but asserts fulfillment of it. Whether or not the State breached this duty, the deprivation of evidence must have prejudiced Defendant to warrant sanctions against the State. *See Chouinard*, 96 N.M. at 661, 634 P.2d at 683.

### C. Requirement of Prejudice

█ {8} Defendant argues that suppression of the evidence was proper under Rule 5–501(A)(3), (G) and Rule 5–505(B) NMRA 1998. These rules provide for discovery disclosure and sanctions. Defendant asserts that the trial court had discretion under these rules to impose discovery sanctions without meeting the requirements of *Chouinard*, 96 N.M. at 661, 634 P.2d at 683. Our case law, however, still mandates a showing of prejudice to warrant sanctions. *Compare, e.g., State v. Armijo*, 1997–NMCA–080, ¶ 26,

123 N.M. 690, 944 P.2d 919 (applying the three-part test in *Chouinard* to ascertain sanctions for alleged violation of Rule 5–501) *with State v. Martinez*, 1998–NMCA–022, ¶ 12, 124 N.M. 721, 954 P.2d 1198 ("A defendant must show prejudice before being entitled to relief stemming from the State's discovery violation."). Additionally, *Chouinard* suggested that the sanctions available when a loss of evidence is discovered before trial include "[e]xclusion of all evidence which the lost evidence might have impeached, or admission with full disclosure of the loss and its relevance and import." 96 N.M. at 662, 634 P.2d at 684. Our Supreme Court later noted that dismissal may be an appropriate sanction where, without the lost evidence, there is "no other credible evidence" of a defendant's guilt. *Scoggins v. State*, 111 N.M. 122, 124, 802 P.2d 631, 633 (1990). We agree with Defendant, however, that all of the sanctions available under Rule 5–505 are available in cases involving lost evidence. This assumes, of course, that the defendant can establish he or she will be unable to receive a fair trial without the missing evidence. *See State v. Bartlett*, 109 N.M. 679, 681, 789 P.2d 627, 629 (Ct.App.1990).

{9} To establish prospectively whether a defendant will be able to receive a fair trial in the face of lost evidence is difficult. In making its determination, a court must, on a case-by-case basis, weigh the lost evidence against the remaining evidence available to the defendant, including his or her ability to cross-examine witnesses and to use the loss of the evidence in preparing a defense. *See State v. Fero*, 107 N.M. 369, 371, 758 P.2d 783, 785 (1988); *see also Bartlett*, 109 N.M. at 681, 789 P.2d at 629.

### D. The Destruction of Evidence Will Not Prejudice Defendant

■ {10} We believe the trial court erred in suppressing evidence of the amount of the marijuana because the destruction of this evidence will not prejudice Defendant. *See Chouinard*, 96 N.M. at 661, 634 P.2d at 683. On appeal, Defendant alleges three grounds for prejudice from the deprivation of evidence stemming from her inability to (1) introduce or contest evidence of odor, (2) verify that the bulk of the seizure was marijuana through visual and olfactory inspection, and (3) obtain fingerprint evidence.

{11} Defendant contends she will be prejudiced by being unable either to introduce or contest evidence of marijuana odor (or its absence) in her car at the time of the stop. That is, she argues that, without the lost evidence, she cannot determine whether the marijuana gave off an odor that a human could have detected. Proof of the absence of any such odor, she argues, would have strengthened a defense at trial of her lack of knowledge of the presence of the marijuana. We disagree that this is a valid ground for potential prejudice. We note that Defendant received notice of the intended destruction of the evidence in December 1996, and that the Agency did not destroy the evidence until February 1997. More importantly, however, the State stipulated it would not attempt to introduce testimony regarding marijuana odor. Defendant thus failed to establish in the record any prejudice she might suffer from being unable to introduce testimony regarding odor. She also fails to elaborate on appeal. Consequently, under this record, the absence of any testimony regarding odor is not an issue, and Defendant has not made any case for prejudice in this respect.

{12} Defendant next argues she was not able to verify that the bulk of the seizure was marijuana. As noted previously, Defendant had sufficient time to examine the marijuana if bulk was going to be an issue. The only possible suggestion of prejudice is that some unidentified portion of the bulk might be stalks, which is not normally counted as contraband. As Defendant readily recognized below, however, conviction for possession with intent to distribute does not depend on the State showing any specific size or weight of marijuana. There need only be enough size from which a reasonable jury could infer intent to distribute. This Court has upheld verdicts in the past for similar crimes based on possession of far less than seventy pounds. *See, e.g., State v. Chandler*, 119 N.M. 727, 731, 895 P.2d 249, 253 (Ct.App. 1995). Defendant recognizes as much in the record. We therefore fail to see how Defendant could be prejudiced on this particular

charge of possession with intent to distribute even conceding that the bulk might contain a marginal amount of a non-controlled substance. Additionally, Defendant always has the opportunity to cross-examine those who personally observed the contraband and will testify about it at trial. There were also photographs of the contraband. Finally, Defendant could also request a lesser-included offense instruction on simple possession and argue to the jury that the State did not meet its burden of proving intent to traffic.

{13} Finally, Defendant argues that her inability to obtain fingerprint evidence from the packages agents seized will prejudice her. Again, Defendant could have availed herself of this opportunity between the time she received notice of the proposed destruction and the eventual destruction. Other factors detract from the importance of the destroyed evidence. On appeal, Defendant expresses uncertainty concerning whether she would have requested a fingerprint expert to inspect the evidence. The fingerprint examination may have been inconclusive because many people may have handled the evidence. Additionally, a fingerprint analysis of the evidence may have shown that Defendant's own prints were indeed on the packages, thus proving knowledge. In other words, the failure of the State to obtain a fingerprint analysis, as well as Defendant's inability to obtain her own analysis because of the destruction, are part of a two-edged sword. In any event, despite deprivation of the bulk of the marijuana, Defendant could argue to the jury that the State did not check the evidence for fingerprints and therefore there is no proof that Defendant's fingerprints were on the evidence that was eventually destroyed. *See Riggs,* 114 N.M. at 361, 838 P.2d at 978 (holding that loss of evidence did not prejudice defendant where he could make the same argument in spite of deprivation).

## III. CONCLUSION

{14} We hold that destruction of the marijuana did not prejudice Defendant because she essentially did not lose the benefit of a defense without the evidence. She is able to cross-examine witnesses and utilize the destruction to attack the strength and credibility of the State's case. *See Fero,* 107 N.M. at 371, 758 P.2d at 785 (balancing prejudice of lost evidence against evidence offered during cross-examination and defendant's use of the loss in his or her defense presentation). Finally, the trial court always has the discretion to limit the ability of the State to take unfair advantage of evidence that has been destroyed. For example, we have previously discussed the State's concession that it would not introduce any evidence of odor. That certainly does not exhaust the trial court's ability to make necessary adjustments to ensure that Defendant is treated fairly. To foster clarity and accuracy in appellate review, we advise trial courts to make a record of their rationale or basis for sanctions under *Chouinard,* 96 N.M. at 661, 634 P.2d at 683. We reverse the trial court's order suppressing evidence of the weight and amount of marijuana, as well as the photographs of the marijuana. We remand for further proceedings consistent with this opinion.

{15} **IT IS SO ORDERED.**

BOSSON, and BUSTAMANTE, JJ., concur.