This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                        NO. 30,008

**RUSTIN LANCASTER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Daniel R. Lindsey, P.C.
Daniel R. Lindsey
Clovis, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

The State appeals the district court's order suppressing the Horizontal Gaze Nystagmus (HGN) test and the IR-8000 results as a sanction for the State's failure to file a written response to Defendant's motions to suppress. We proposed to reverse in a notice of proposed summary disposition, and Defendant has filed a timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we reverse.

"We review the trial court's decision for an abuse of discretion." *State v. Sanchez*, 1999-NMCA-004, ¶ 6, 126 N.M. 559, 972 P.2d 1150 (filed 1998). "'[A]n abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances in the case.'" *State v. Jackson*, 2004-NMCA-057, ¶ 10, 135 N.M. 689, 92 P.3d 1263 (quoting *Mathis v. State*, 112 N.M. 744, 747, 819 P.2d 1302, 1305 (1991)).

After appealing his magistrate court conviction, Defendant filed two motions to suppress on February 9, 2009. [RP 20-25] On October 27, 2009, two days before the matter was set for trial, Defendant sought to dismiss the charges because the State had failed to file a written response to his motions to suppress. [DS 2-3] The district court granted Defendant's motion in part by suppressing the results of the HGN and IR-8000 tests based on the State's failure to file a written response to the motions within fifteen days after being served with them. [RP 53] *See* Rule 5-120(E) NMRA

(requiring a written response within fifteen days of service of the motion). We proposed to reverse because Defendant made no showing that he was prejudiced by the State's failure to file a written response to his motions, and "[o]ur case law . . . mandates a showing of prejudice to warrant sanctions." *Sanchez*, 1999-NMCA-004, ¶ 8; *cf. State v. Martinez*, 1998-NMCA-022, ¶ 12, 124 N.M. 721, 954 P.2d 1198 ("A defendant must show prejudice before being entitled to relief stemming from the State's discovery violation."). [RP 42-44, 55-56]

In his memorandum in opposition, Defendant contends that he was prejudiced by the State's failure to disclose its witness list. [MIO 4-8, 14] He claims that the suppression order was partially based on this failure by the State. [MIO 4] We disagree.

The suppression order specifically states that it is based on the State's failure to respond to Defendant's motions as required by Rule 5-120(E). [RP 53] Moreover, the order specifically strikes any mention of it being based in part on the State's failure to file a witness list. [RP 53] Finally, at the hearing on Defendant's motion, the district court addressed Defendant's contentions regarding the State's failure to provide a witness list and some discovery and ordered certain accommodations to account for those failures that were separate from the suppression order. [RP 43-44]

3

Defendant makes additional non-specific arguments in his memorandum in opposition as to how he may have been prejudiced by the State's failure to file a written response to his motions to suppress. [MIO 9,11] However, there is nothing in the record showing that these arguments were made to the district court. [RP 42-44] *Cf. State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 (stating that "[m]atters not of record present no issue for review"). Given that Defendant made no showing of prejudice, and the district court granted the motion to suppress merely because the State violated the provisions of Rule 5-120(E), [RP 53] we are not persuaded that the suppression order was warranted as a sanction for the State's failure to file a written response to Defendant's motions to suppress. *See Jackson*, 2004-NMCA-057, ¶ 10 (stating that "[a] showing of noncompliance is insufficient to entitle a defendant to dismissal or other sanctions–the prejudice resulting from the violation must also be established").

**Conclusion**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we reverse the district court's order suppressing the HGN test and the IR-8000 results as a sanction for the State's failure to file a written response to Defendant's motions to suppress.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**