This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                                      **NO. 28,915**

**DIANA ALCORTA,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**H.R. Quintero, District Judge**

Gary K. King, Attorney General
Joel Jacobsen, Assistant Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellant

Liane E. Kerr
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**KENNEDY, Judge.**

    The State appeals from the district court's order dismissing the charges against

Defendant with prejudice.  We affirm.

## BACKGROUND

Defendant called police claiming that while she was driving on October 27, 2007, Barbara Vasquez intentionally ran into her twice. Officer Fred Portillo responded to the call and interviewed Defendant. Portillo also interviewed Vasquez, who told him that Defendant deliberately collided with her car on two occasions. Vasquez's story was confirmed by her daughter and another adult passenger who had been in the car with her. Portillo also spoke with a juvenile who was in the car with Defendant, and she confirmed that Defendant struck Vasquez, not the other way around.

On February 25, 2008, Defendant was arraigned on one count of third degree negligent child abuse for endangering the juvenile in her own vehicle and one count of aggravated assault with a deadly weapon for attacking Vasquez using her vehicle as a weapon. *See* NMSA 1978, § 30-6-1(D) (2009); NMSA 1978, § 30-3-2(A) (1963). An amended criminal information was later filed charging Defendant with two counts of third degree negligent child abuse and two counts of aggravated assault with a deadly weapon.

On February 29, 2008, Defendant filed a request for discovery requesting all statements made by herself and "[a]ny . . . audio or video recordings . . . within the possession, custody or control of the State, and which are material to the preparation

3

of the defense or are intended for use by the State as evidence at the trial, or were obtained from or belong to [Defendant]."

On April 8, 2008, Defendant was bound over for trial following a preliminary hearing. Defendant was arraigned on May 15, 2008. The district court entered a pretrial order on May 20, 2008, setting trial for the month of August, directing the parties to provide status letters by June 26, 2008, and informing them that lack of familiarity with the case, failure to meet and confer prior to sending the status letters, or failure to attend a plea and disposition hearing could result in sanctions.

On July 17, 2008, Defendant filed a motion to dismiss or in the alternative to compel discovery. The motion alleged that Officer Portillo had interviewed all witnesses on the day of the alleged crime "when the events were fresh in their minds." Defendant alleged that these interviews were recorded by Portillo. Defendant noted that she had submitted a request for discovery on February 29, 2008, for all materials and evidence relevant in the case. She alleged that after the preliminary hearing on April 8, 2008, she again requested copies of the taped interviews from Portillo, who told Defendant that he had a tape of the interviews "with the parties involved," and that he would produce it. Defendant also alleged that she followed up with a letter to the prosecutor on May 23, 2008, requesting a copy of the tape and that on July 1, 2008, Portillo again told Defendant that he had the tape and would make a copy

4

available to her. Defendant stated that she had yet to receive a copy of the tape and alleged that it "contains pertinent material to the case and is necessary to prepare a defense." She further noted that the State had an obligation to produce the tape within ten days of the arraignment which was held on May 15, 2008. *See* Rule 5-501(A) NMRA.

The State did not file a written response to Defendant's motion. At the July 31, 2008, hearing on her motion, Defendant informed the district court that she had learned that the tape no longer existed. Defendant asked the court to dismiss the case or, in the alternative, rule that Officer Portillo could not testify regarding the contents of the tape. As to grounds for her request, Defendant stated:

> I guess what [Portillo] learned during the investigation could be used for impeachment purposes or for a variety of reasons and admissions by [Defendant] as to certain facts. And because we don't have the tape to verify what statements were made by, quite frankly, all the parties, we ask [Portillo] not be permitted to testify.

The State's only response was to inform the court that it "would prefer the latter solution." The district court then reviewed Defendant's earlier requests for the tape starting with February 29 and including April 8, May 23, and July 1. It observed that trial was ten days away and the tape was still not provided, and then stated "I'm going to dismiss the action."

The State made no objection, and the district court entered an order dismissing

the case with prejudice. The State did not request findings and conclusions, and did not request an evidentiary hearing or file a motion to reconsider the district court's ruling, but filed this appeal.

**DISCUSSION**

**Standard of Review**

We review the district court's decision to dismiss the case for an abuse of discretion. *See State v. Sanchez*, 1999-NMCA-004, ¶ 6, 126 N.M. 559, 972 P.2d 1150; *see also State v. Jackson*, 2004-NMCA-057, ¶ 10, 135 N.M. 689, 92 P.3d 1263 ("Sanctions for noncompliance with discovery orders are discretionary with the trial court."). "'An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances in the case.'" *Jackson*, 2004-NMCA-057, ¶ 10 (citation omitted). "As the appellant, it is the [s]tate's burden to establish an abuse of discretion." *State v. Ortiz*, 2009-NMCA-092, ¶ 35, 146 N.M. 873, 215 P.3d 817.

**Merits**

Sanctions against the prosecution based on destroyed or lost evidence require a showing that: (1) the state breached a duty or "intentionally deprived the defendant of evidence"; (2) the missing evidence was material; and (3) the deprivation of the evidence "prejudiced the defendant." *State v. Chouinard*, 96 N.M. 658, 661, 634 P.2d

6

680, 683 (1981); *see State v. Lovato*, 94 N.M. 780, 782, 617 P.2d 169, 171 (Ct. App. 1980). Dismissal is usually "reserved for the most severe prosecutorial transgressions." *State v. Gonzales*, 2002-NMCA-071, ¶ 14, 132 N.M. 420, 49 P.3d 681. However, if Defendant is prejudiced, dismissal may be appropriate. *See e.g.*, *Scoggins v. State*, 111 N.M. 122, 124, 802 P.2d 631, 633 (1990) (affirming the district court's decision to dismiss the charges against the defendant because the loss of the original fingerprints prejudicially limited the defendant's ability to impeach the remaining evidence tying him to the crime); *Ortiz*, 2009-NMCA-092, ¶¶ 35-39 (affirming the district court's decision to dismiss the charges against the defendant based upon the state's failure to comply with a discovery order).

The parties do not dispute that the State had a duty to produce the evidence. *See* Rule 5-501(A)(3) (requiring the state to "disclose or make available to [the] defendant" materials within the "possession, custody[,] or control of the state, and which are material to the preparation of the defense"); *State v. Wisniewski*, 103 N.M. 430, 435, 708 P.2d 1031, 1036 (1985) (stating that the "requirement of disclosing such material applies to all members of the prosecutorial team, including police authorities" (citations omitted)). However, the State claims that the district court erred in dismissing the case because Defendant failed to make a factual showing that the missing tape was material or that she was prejudiced by the lack of access to the tape.

7

*See Chouinard*, 96 N.M. at 661, 634 P.2d at 683. We decline to address this issue due to lack of preservation. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"); *State v. Coffin*, 1999-NMSC-038, ¶ 23, 128 N.M. 192, 991 P.2d 477 (recognizing that the  purpose of the preservation requirement is to alert the district court to the claimed error so that it has an opportunity to correct the error).

We first consider whether Defendant made a prima facie showing of materiality and prejudice.  In her motion, Defendant stated that the missing tape contained Portillo's interviews "with the parties involved" and alleged that the tape "contains pertinent material to the case and is necessary to prepare a defense[.]"  At the hearing, Defendant asserted that she was prejudiced by the loss of the tape because she claimed that information on the tape could be used for impeachment purposes "or for a variety of reasons and admissions by [Defendant] as to certain facts" and without the tape, certain statements could not be verified.

Given that the tape was never produced and then lost, it is difficult to determine whether the interviews contained material evidence. *Cf. Sanchez*, 1999-NMCA-004, ¶ 9 (recognizing the difficulty in establishing "prospectively whether a defendant will be able to receive a fair trial in the face of lost evidence").  It appears that this case revolves around questions of credibility because the main evidence against Defendant

is the testimony of Vasquez and the passengers in the two cars. Therefore, interviews conducted on the day of the crime were likely to be "material to the guilt or innocence of the accused[.]" *Chacon v. State*, 88 N.M. 198, 199, 539 P.2d 218, 219 (Ct. App. 1975) (internal quotation marks omitted); *see State v. Clark*, 105 N.M. 10, 16, 727 P.2d 949, 955 (Ct. App. 1986) (stating that information is material to the preparation of the defense if it impacts defense counsel's tactical trial decisions, such as whether to file further suppression motions, whether the defendant should testify, how to prepare the defendant for cross-examination, and what information should be sought on direct examination). Likewise, the destruction of the tape suggests prejudice because it has rendered Defendant unable to discern its contents and deprived her of the opportunity to use any information contained therein to impeach the witnesses with their prior, possibly inconsistent, statements. *See Ortiz*, 2009-NMCA-092, ¶ 29 (holding that, in light of the fact that the defendant was "[d]eprived of the opportunity to discover whether the records contained information material to the preparation of his defense, discovery he was entitled to pursue under Rule 5-501(A)(3), the district court did not abuse its discretion in determining that [the d]efendant was prejudiced").

Based upon the foregoing, it appears Defendant made a prima facie case entitling her to sanctions for the State's failure to produce and then lose, the taped interviews. *Cf. Ortiz*, 2009-NMCA-092, ¶ 28 (recognizing that a defendant need not

"know or show in advance that the records will actually contain helpful information. A defendant need only show circumstances that reasonably indicate that records may contain information material to the preparation of the defense").

The State failed to make any response to Defendant's showing. It failed to file a written response to Defendant's motion and made no attempt to alert the district court or Defendant to its contention on appeal that Defendant failed to establish the factors set forth in *Chouinard*. *See* 96 N.M. at 661, 634 P.2d at 683. Furthermore, although it now seeks a "do-over," claiming that remand for an evidentiary hearing is required, it failed to alert the district court to the need for such a hearing to consider materiality of the evidence and potential prejudice to Defendant. Rule 16-103 NMRA ("A lawyer shall act with reasonable diligence and promptness in representing a client.")

The State's failure to offer any meaningful response to Defendant's motion resulted in insufficient development of the record below for this Court to consider fully the Defendant's prima facie establishment of the the *Chouinard* factors. The preservation rule serves many purposes including creating a record from which this Court may make informed decisions. Rule 12-216(A). In light of the State's failure to present Defendant or the district court an opportunity to address its arguments, this Court lacks a proper record and will not "address [the d]efendant's unpreserved

arguments." *State v. Lopez*, 2009-NMCA-127, ¶ 16, 147 N.M. 364, 223 P.3d 361, *cert. denied*, 2009-NMCERT-010, 147 N.M. 452, 224 P.3d 1257; *State v. Luna*, 1996-NMCA-071, ¶¶ 9-14, 122 N.M. 143, 921 P.2d 950 (holding that even though the defendant failed to make a particularized showing of a need for the records, the district court did not abuse its discretion in sanctioning the state for its failure to provide the records given that the state failed to argue the alleged inadequacy of the defendant's showing at the hearing on the defendant's motion for disclosure).

We recognize that even if an issue is not preserved, this Court may exercise its discretion and consider "questions involving: (1) general public interest; or (2) fundamental error or fundamental rights of a party." Rule 12-216(B) NMRA. However, the State has failed to argue that an exception to the preservation requirements should apply in this case or to demonstrate any fundamental error; we consequently decline to consider this question. *See State v. Jason F.*, 1998-NMSC-010, ¶ 10, 125 N.M. 111, 957 P.2d 1145 (declining to apply the exceptions to the preservation requirement when they were not argued on appeal).

In its brief in chief, the State recites additional details about the information recorded by Portillo, claiming that the tape may have only included an interview with Defendant. It then claims that any analysis of materiality and prejudice will "obviously differ depending on whether the lost tape contained [only Defendant's

statement or] all [the] interviews the officer conducted," and proceeds to analyze the issues of materiality and prejudice based upon hypothetical possibilities as to the tape's contents. Such concerns would have been of far greater use had the brief's arguments been anticipated and raised below. Had the tape been examined or its contents disclosed at any point, some of the possibilities presented by the State might have proven correct. If the State had presented these hypothetical possibilities to the district court, it could have considered them in reaching its decision. As it was, the State failed to present any of the possible scenarios when it appeared before the district court. Although it now contends that Defendant's representations regarding the tape's contents should be discounted because they are based on arguments made by counsel in the district court, the State failed to challenge these representations in writing or during the hearing and thus is precluded from doing so now. *Cf. State v. Jason L.*, 2000-NMSC-018, ¶ 11, 129 N.M. 119, 2 P.3d 856 (stating that, if the record does not indicate "that the district court rejected the uncontradicted evidence, we presume the court believed all uncontradicted evidence").

We also disagree with the State's claim that it is impossible to know why the district court decided as it did or its claim that remand is needed so that the district court can explain the legal basis for its order. Although the district court did not explain its ruling, the arguments in Defendant's motion and at the hearing are

12

sufficient for us to conclude that the district court dismissed the case based on Defendant's making a prima facie showing and the State's failure to produce, and then to lose, the material that it was required to produce pursuant to Rule 5-501(A). *See* Rule 5-501(H) (providing that, "[i]f the state fails to comply with any of the provisions of [Rule 5-501], the court may enter an order pursuant to Rule 5-505 NMRA"); Rule 5-505(B) NMRA (providing that, if a party fails to "comply with this rule or with an order issued pursuant to this rule, the court may . . . prohibit the party from calling a witness not disclosed, or introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate under the circumstances"); *cf. Jason L.*, 2000-NMSC-018, ¶ 11 (noting that when the district court makes no findings of fact or conclusions of law in a suppression order, we "draw all inferences and indulge all presumptions in favor of the district court's ruling"); *State ex rel. CYFD v. Lance K.*, 2009-NMCA-054, ¶ 18, 146 N.M. 286, 209 P.3d 778 (declining to remand for entry of findings and conclusions and instead "rely[ing] on appellate presumptions to conclude that the trial court found all facts necessary to support [its decision]"). Furthermore, it is implicit in the district court's order of dismissal that it found Defendant's representations as to materiality and prejudice to be credible. *Cf. State v. Cramer*, 90 N.M. 157, 160, 560 P.2d 948, 951 (Ct. App. 1977) (noting that a court's ruling denying a motion is an implicit ruling on

13

everything necessary to deny the motion). Such credibility determinations are appropriately reserved to the trial court as fact-finder, and we will not reverse them absent an abuse of discretion. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992).

In closing, we do not disagree that dismissal is an extreme sanction or that Defendant's presentations in her motion and at the hearing were quite minimal. However, Defendant's motion and oral presentation were sufficient to establish a prima facie showing warranting relief under *Chouinard*, and the State failed to rebut that showing by making arguments directed at the *Chouinard* factors, thus failing to preserve its argument that the *Chouinard* factors were not met. *See Ortiz*, 2009-NMCA-092, ¶ 31 (observing that the state never developed an argument below that the defendant failed to establish control, materiality, or prejudice nor did it make any showing as to why the materials requested were not material and concluding that "[a]s a result, we will not entertain the [s]tate's arguments on appeal in regard to control, materiality, or prejudice"); *State v. Nash*, 2007-NMCA-141, ¶¶ 7-9, 142 N.M. 754, 170 P.3d 533 (holding that when the state failed to challenge the defendant's lack of formal evidence to show that one of his earlier convictions was invalid at the sentencing hearing, that issue was not preserved for review even though it was the defendant's burden to rebut the state's prima facie case establishing a valid

14

conviction).

**CONCLUSION**

We affirm the district court's order of dismissal.

**IT IS SO ORDERED.**

           _____

           **RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**