This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                       **NO. 29,118**

**EDGAR H. RIVERA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**V. Lee Vesely, District Judge Pro Tem**

Gary K. King, Attorney General
Santa Fe, NM

M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Jacqueline L. Cooper, Acting Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

The State appeals the district court's order suppressing a Southern New Mexico Crime Lab (SNMCL) report (lab report) and the testimony of a SNMCL analyst who would have testified regarding the lab report, based on the State's alleged discovery violation. For the reasons that follow, we reverse.

**BACKGROUND**

Defendant was stopped for failure to stop at a red traffic light, and admitted to possession of marijuana and a pipe. A search incident to arrest revealed two plastic baggies containing a white powdery substance in Defendant's pocket. A field test indicated the substance was cocaine. Defendant was charged with possession of cocaine, possession of marijuana, possession of drug paraphernalia, and two motor vehicle violations.

On July 26, 2007, Defendant waived a preliminary hearing and presentation to a grand jury, and entered a plea of not guilty with Joseph Shattuck appearing as his attorney. Trial was set for November 27, 2007. Defendant's second attorney, Gregory Garvey, entered his appearance and filed a request for discovery on October 23, 2007.

On October 24, 2007, the State filed its disclosure indicating Defendant could "examine, photograph or copy at any time during normal office hours in the District Attorney's [o]ffice . . . [a]ny results or reports of . . . scientific tests or experiments

concerning this case within the possession, custody or control of the State, the existence of which is known to the prosecutor." The State filed its witness list the same day which included an "SNMCL Analyst."

Defendant moved for a continuance to obtain private counsel, which was granted and trial was reset for January 15, 2008. On January 2, 2008, Jose Coronado entered his appearance for Defendant and made a discovery request asking the court to order the State to produce for inspection and copying any materials intended for use by the State. Defendant moved for three additional continuances and a request for authorization to relocate to Iowa, all of which were granted. Trial was eventually set for November 12, 2008.

On the morning of trial, defense counsel Coronado asked the State to check to determine whether the State had disclosed the SNMCL lab report to him because he did not believe the State had done so. The State had no record of sending the lab report to Coronado, but noted that the report had been sent out twice, to Garvey and Shattuck, both of whom are with the public defender's office. Defendant then sought to have the lab report suppressed along with any testimony related to that report.

The State urged the district court to deny Defendant's oral motion to suppress because it had assumed Coronado had received the discovery packet containing a copy of the lab report from Defendant's former counsel. Defense counsel never indicated

he was missing discovery or that the lab report was missing, and the apparent failure to provide the report did not indicate an intentional lack of disclosure. The State further noted that defense counsel had to be aware of the report because a SNMCL analyst was listed on the witness list. The State also argued that, should the court find Defendant was prejudiced, the appropriate remedy would be a continuance so that defense counsel could examine the one-page report and interview Holly Poole, the SNMCL analyst. Defendant objected to the continuance because the case had been pending for over a year, and Defendant and his family had been through a lot.

The district court granted Defendant's motion to suppress the lab report and the testimony of Poole based on the State's failure to timely disclose the report and dismissed the felony possession charge. It also denied the State's motion for a continuance. Defendant pled guilty to the remaining misdemeanor possession counts, and this appeal followed.

**DISCUSSION**

Rule 5-501(A)(3), (4) NMRA requires the State to "disclose or make available to the defendant . . . any results or reports of . . . scientific tests or experiments . . . within the [State's] possession, custody or control . . . which are material to the preparation of the defense." If the State fails to comply with this rule, "the court may . . . grant a continuance, or prohibit the party from calling a witness not

4

disclosed, or introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate under the circumstances." Rule 5-505(B) NMRA; *see* Rule 5-501(F) NMRA.

We review the district court's decision to sanction the State by suppressing the evidence and denying a continuance for abuse of discretion. *See State v. Sanchez*, 1999-NMCA-004, ¶ 6, 126 N.M. 559, 972 P.2d 1150; *see also State v. Ruiz*, 2007-NMCA-014, ¶ 49, 141 N.M. 53, 150 P.3d 1003 (recognizing that "the election of remedies for discovery violations are within the discretion of the court"); *State v. Jackson*, 2004-NMCA-057, ¶ 10, 135 N.M. 689, 92 P.3d 1263 ("Sanctions for noncompliance with discovery orders are discretionary with the trial court."). "[A]n abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances in the case." *Mathis v. State*, 112 N.M. 744, 747, 819 P.2d 1302, 1305 (1991).

Initially, we note that the extent to which the State violated its duty to provide discovery pursuant to Rule 5-501(A)(4) is unclear. The State claims that it provided the lab report to Defendant's former counsel. In his answer brief, Defendant claims that the State made no showing that it produced the report to former defense counsel as part of the initial disclosure. However, at the hearing, Defendant never challenged the State's representation that it provided the report to former counsel. Therefore, he

may not do so now. *See State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986) (holding that an objection must be sufficiently specific "to apprise the [district] court of the nature of the claimed error and to invoke an intelligent ruling by the court"). Furthermore, we note that not only did defense counsel make no effort to inform the State that it was missing the lab report, but to the contrary, Coronado specifically states in his request for a continuance on March 6, 2008, that he received the discovery requested "on or about the middle of January, 2008. Therefore, the record suggests that Coronado received at least some discovery from the State.

Assuming the lab report was never produced until the day of trial, we are nonetheless of the opinion that the district court abused its discretion in determining that this failure warranted exclusion of the test results and dismissal of the felony charges against Defendant. Our case law is clear that there must be "a showing of prejudice to warrant sanctions." *Sanchez*, 1999-NMCA-004, ¶ 8; *see Jackson*, 2004-NMCA-057, ¶ 10 (stating that "[a] showing of noncompliance is insufficient to entitle a defendant to dismissal or other sanctions—the prejudice resulting from the violation must also be established"); *State v. Martinez*, 1998-NMCA-022, ¶ 12, 124 N.M. 721, 954 P.2d 1198 ("A defendant must show prejudice before being entitled to relief stemming from the State's discovery violation."). Furthermore, even if some prejudice is established, "dismissal . . . is an extreme sanction that should be reserved

6

for the most severe prosecutorial transgressions." *State v. Gonzales*, 2002-NMCA-071, ¶ 14, 132 N.M. 420, 49 P.3d 681.

Our review of the transcript from the hearing that resulted in suppression and dismissal indicates that Defendant made no showing as to how he was prejudiced by the State's failure to produce the lab report at an earlier point. *See Sanchez*, 1999-NMCA-004, ¶ 8. For example, Defendant made no showing as to how earlier disclosure might have permitted the defense to pursue a different strategy. *See State v. Duarte*, 2007-NMCA-012, ¶ 19, 140 N.M. 930, 149 P.3d 1027 (rejecting a claim of prejudice where the defense failed to affirmatively demonstrate how the earlier disclosure of certification and calibration logs would have improved the defense or allowed the defense to prepare differently for trial). Therefore, any prejudice to Defendant's trial strategy was speculative and insufficient to warrant suppression of the lab report. *See State v. Desnoyers*, 2002-NMSC-031, ¶ 25, 132 N.M. 756, 55 P.3d 968 (rejecting a discovery-related challenge where the prejudice to the defense was purely speculative), *abrogated on other grounds by State v. Forbes*, 2005-NMSC-027, ¶ 6, 138 N.M. 264, 119 P.3d 144.

Defendant relies on *Martinez* to support his contention that the importance of the lab report to the State's case was enough to establish that the late disclosure was prejudicial. We are not persuaded. In *Martinez*, the State's pretrial witness list failed

to name a co-defendant who would testify as a key prosecution witness at the defendant's trial. 1998-NMCA-022, ¶¶ 1-5. The district court found that the defendant did not know the missing witness would be called, and excluded him from testifying. *Id.* ¶¶ 5, 11. The prejudice to the defendant was based in part on the finding that he did not know the witness would be called. *Id.* ¶ 11.

In this case, Defendant made no showing, and the district court made no finding, of such prejudicial surprise. To the contrary, it is undisputed that Coronado received a witness list that included the SNMCL analyst which indicates he was aware that the State would introduce the results of the analyst's testing.

Moreover, in *Martinez*, this Court held that the defendant had sufficiently established prejudice because he explained to the district court why an opportunity to interview the undisclosed witness would not allow counsel to adequately prepare to cross-examine that witness; it would not afford the defendant sufficient time to check the witness's background, investigate his prior criminal record, and look for other impeaching evidence. *Id.* ¶ 12. In this case, Defendant made no such representations when seeking to suppress the lab report and Poole's testimony.

Even if Defendant was prejudiced, albeit slightly, by the State's failure to produce the lab report at an earlier point, the district court abused its discretion in

8

failing to grant the State's request for a continuance so that any such prejudice could be cured.

We are again unpersuaded by Defendant's citation to *Martinez*. In *Martinez*, the State never suggested that the district court grant a continuance or any sanction other than striking the witness and thus it failed to raise or preserve its argument that the district court should have imposed a less severe sanction. *Id.* ¶¶ 9-10 (holding that "the district court should [not] be burdened with an independent duty to consider less severe alternatives when they are not raised by the party being sanctioned"). Finally, in *Martinez*, the Court agreed that a continuance might have resolved any prejudice to the defendant but trial needed to commence within two business days which might not be sufficient time to cure any prejudice. *Id.* ¶ 13.

In this case, Defendant made no showing below, or in the answer brief filed in this Court, as to why a continuance would not have cured the failure to provide the report at an earlier time. Furthermore, there was still a month before the Supreme Court's most recent extension would expire, and no indication that the remaining time was insufficient to cure any potential prejudice.

**CONCLUSION**

For the foregoing reasons, we reverse the district court's order suppressing the lab report and Poole's testimony, and dismissing the felony possession charges. We remand this case for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL,  Judge**

**TIMOTHY L. GARCIA, Judge**