This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                    **No. 31,216**

**JUAN YBAÑEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

**{1}** Juan Ybañez (Defendant) appeals from his conviction for battery upon a peace officer. On appeal, Defendant contends that (1) there was insufficient evidence to support his conviction; (2) the district court abused its discretion in not allowing Investigator Ballew to testify as to Officer Mendoza's prior inconsistent statement; and (3) the district court failed to find that Defendant committed a serious violent offense, requiring that this Court remand. Having considered Defendant's arguments on appeal, we affirm with respect to Issues (1) and (2). However, we reverse and remand for the district court to make a determination as to whether Defendant committed a "serious violent offense."

**DISCUSSION**

**I.     There Was Sufficient Evidence to Support Defendant's Conviction**

**{2}** Defendant argues, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that there was insufficient evidence to support his conviction for battery upon a peace officer. We disagree.

**{3}** "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We

determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (citations omitted). To convict Defendant of battery upon a peace officer, the State was required to prove:

1. . . . Defendant intentionally and unlawfully touched or applied force to Officer Benjamin Baker by kicking him;

2. . . . Defendant's conduct caused a meaningful challenge to the authority of Officer Benjamin Baker;

3. . . . Defendant acted in a rude, insolent or angry manner;

4. At the time, Officer Benjamin Baker was a peace officer and was performing the duties of a peace officer;

5. This happened in New Mexico on or about the 29th day of March, 2010.

*See* NMSA 1978, § 30-22-24 (1971); UJI 14-2211 NMRA; *see also State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{4}** The testimony presented at trial established that officers from the Carlsbad Police Department were dispatched to a domestic disturbance involving Defendant, where Defendant was arrested on an outstanding warrant. Defendant became "slightly uncooperative" during the process of being handcuffed. When Officer Baker escorted

3

Defendant to the passenger side of the patrol car and ordered Defendant to be seated, Defendant refused to comply. Officer Baker began to push Defendant into the back of the vehicle, but Defendant resisted by stiffening his upper torso and waist. Officer Baker responded by pushing down on the right side of Defendant's body, and Defendant relaxed his body, propelling himself backwards so he was lying on the seat of the patrol car. Defendant then kicked Officer Baker. The first kick landed to the right of Officer Baker's belt buckle, knocking Officer Baker's cell phone off of his belt. The second kick landed on the inner part of Officer Baker's thigh. The third kick landed in the middle of Officer Baker's groin area. Officer Baker testified that the kicks "certainly were not accidental."

{5} Officer Flores's testimony corroborated Officer Baker's testimony that Defendant resisted being seated in the patrol car. Officer Flores also testified that he saw Defendant kick Officer Baker in the gunbelt area, knocking off Officer Baker's cell phone. Officer Flores photographed the areas where Officer Baker's uniform had been marked by the dirt from Defendant's shoes. Defendant apologized for kicking Officer Baker, but did not mention doing so accidentally.

{6} We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v.*

*Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994). As a reviewing court, we do not "weigh the evidence or substitute [our] judgment for that of the fact finder." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. We conclude that, based on the testimony described above, there was sufficient evidence to support Defendant's conviction for battery upon a peace officer. To the extent Defendant relies on his testimony that he kicked Officer Baker accidentally, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. There is sufficient evidence to support the jury's conclusion that Defendant's act of kicking Officer Baker multiple times was not accidental. *See State v. Motes*, 118 N.M. 727, 729, 885 P.2d 648, 650 (1994) (noting that because intent is subjective, it is rarely proved by direct evidence and is almost always inferred from other facts in the case). Further, Defendant's argument that the officers not treating him as a violent suspect means that he did not commit battery upon a peace officer is also unavailing. Proof that a suspect is violent is not required to prove battery upon a peace officer under either the statute or the jury instruction. *See* § 30-22-24; UJI 14-2211.

5

**II.    The District Court Did Not Abuse Its Discretion in Not Allowing Investigator Ballew to Testify**

{7}    Defendant contends that the district court abused its discretion in refusing to allow Investigator Ballew to testify to Officer Mendoza's prior inconsistent statement. We disagree.

{8}    At trial, Officer Mendoza testified that he saw the officers had an individual in custody that they were trying to get inside the patrol car. Officer Mendoza testified that he went to the rear driver's side door, where he saw Officer Flores open the door and slide into the vehicle. Officer Flores had testified that he had opened the back door, grasped Defendant by his shirt and shoulder area, pulled Defendant into the car, and shut the door. Officer Mendoza testified that after Officer Flores had pulled Defendant into the car, Officer Mendoza entered the patrol car and put Defendant's feet on the floorboard to keep Defendant from potentially kicking the windows of the unit. Officer Mendoza testified that he placed his hand behind Defendant's neck, folded his torso, and moved Defendant into a seated position.

{9}    On cross-examination, Officer Mendoza was asked whether he had entered the car with Officer Flores to assist in pulling Defendant into the car. Officer Mendoza testified that he had not. Defense counsel then asked Officer Mendoza if he recalled

6

speaking to Investigator Ballew in August 2010. Officer Mendoza testified that he did recall speaking with Investigator Ballew. However, when asked if he recalled telling Investigator Ballew that he had pulled Defendant into the car, Officer Mendoza testified that he did not recall making this statement to the investigator.

{10} After the close of the State's case, Defendant sought to call Investigator Ballew as a witness. According to Defendant, Investigator Ballew would testify that in August 2010, Officer Mendoza told Investigator Ballew during a pretrial interview that Officer Mendoza had opened the door on the opposite side of the unit from where officers were trying to get Defendant into the car, and "crawled over the seat . . . [,] grabbed [Defendant], and pulled him in to the unit to secure him."

{11} The State objected on the grounds that Investigator Ballew had not been disclosed as a defense witness and that defense counsel had failed to disclose Officer Mendoza's statement to Investigator Ballew under Rule 5-502 NMRA. The district court excluded Investigator Ballew from testifying on both grounds. Because we conclude that the district court did not abuse its discretion in excluding Investigator Ballew's testimony as a sanction for defense counsel's failure to disclose Officer Mendoza's statement, we do not address Defendant's argument that the district court

7

erred in determining that Investigator Ballew was not a rebuttal witness and should have been disclosed by the defense prior to trial.

{12}    Defendant contends that he was not required to disclose Officer Mendoza's statement.  Officer Mendoza was called as a witness for the prosecution.  Although Defendant also listed Officer Mendoza as a defense witness in an amended witness list filed with the district court, Defendant contends that Officer Mendoza was not his witness for the purpose of Rule 5-502.  We disagree.

{13}    Rule 5-502(A)(3) provides:

> [W]ithin thirty (30) days after the date of arraignment or filing of a waiver of arraignment or not less than ten (10) days before trial, whichever date occurs earlier, the defendant shall disclose or make available to the state the following:
>
> . . . .
>
> (3) a list of the names and addresses of the witnesses the defendant intends to call at the trial, together with any statement made by the witness.

The rule clearly states that a defendant has a duty to disclose statements made by a witness the defendant "*intends* to call at trial."  Defendant indicated his intent to call Officer Mendoza as a witness by listing him on his witness list.  Contrary to Defendant's argument, Defendant's duty to disclose was not obviated by the fact that

8

Officer Mendoza was called to testify by the prosecution. Defendant was still obligated to disclose to the State any recorded statements given by Officer Mendoza of which the defense was aware.

**{14}** "A defendant's right to present evidence on [her] own behalf is subject to [her] compliance with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *See State v. Guerra*, 2012-NMSC-014, ¶ 32, 278 P.3d 1031 (alterations in original) (internal quotation marks and citation omitted). Pursuant to Rule 5-502(G), when a defendant fails to comply with Rule 5-502(A)(3) the district court "may enter an order pursuant to Rule 5-505" NMRA. Rule 5-505(B) provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from calling a witness not disclosed, or introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate under the circumstances[.]

**{15}** In the present case, the district court did not permit Defendant to present testimony by Investigator Ballew regarding Officer Mendoza's prior statement, since Defendant had not disclosed Officer Mendoza's statement to the prosecution. We

review the district court's decision to impose sanctions for discovery violations pursuant to Rule 5-505(B) for an abuse of discretion. *See State v. Martinez*, 1998-NMCA-022, ¶ 7, 124 N.M. 721, 954 P.2d 1198.

> [A]n abuse of discretion [occurs] when the lower court's decision is clearly against the logic and effect of the facts and circumstances of the case. [W]e will not find an abuse of discretion unless we can characterize [the district court's determination] as clearly untenable or not justified by reason. The moving party bears the burden of establishing an abuse of discretion.

*Id.* (alterations in original) (internal quotation marks and citation omitted). We note, however, that "[c]ourts should apply the extreme sanction of exclusion of a party's evidence sparingly." *Guerra*, 2012-NMSC-014, ¶ 33. "The decision to exclude evidence calls on judicial discretion to weigh all the circumstances, including willfulness in violating the discovery rule, the resulting prejudice to the opposing party, and the materiality of the precluded testimony." *Id.*

**{16}** Our Supreme Court previously found an abuse of discretion occurred in excluding evidence of an alibi witness where "(1) the rule violation was not willful, (2) the state was able to interview and prepare for the testimony and was not prejudiced by the late notice, and (3) the precluded testimony was critical to the defense's ability to confront and cross-examine the state's key witness." *Id.* (citing

10

*McCarty v. State*, 107 N.M. 651, 655, 763 P.2d 360, 364 (1988)).  However, in the present case, we conclude that the district court acted within its discretion in excluding Investigator Ballew's testimony.

{17}     While the district court refused to make a finding that the defense's failure to disclose Officer Mendoza's statement to the prosecution was a product of "gamesmanship," (therefore failing to find that the rule violation was willful), the other factors weigh in favor of the district court decision.  The disclosure of the prior inconsistent statement was not made until after the State had already called Officer Mendoza to testify and had rested its case, thereby prejudicing the State by not allowing it the opportunity to evaluate whether it would call Officer Mendoza in light of the conflicting testimony or otherwise prepare for the testimony the defense had failed to disclose.  *See State v. Harper*, 2011-NMSC-044, ¶ 20, 150 N.M. 745, 266 P.3d 25 (indicating that "[t]he potential for prejudice is manifest when, for example, . . . [a party] withholds evidence until the eleventh hour and then springs it on the [opposing party]").  Moreover, the exclusion of Investigator Ballew's testimony was not critical to Defendant's ability to confront and cross-examine the State's key witness.  Defendant cross-examined Officer Mendoza about the prior inconsistent statement, and defense counsel asked Officer Mendoza if he recalled telling

11

Investigator Ballew that he had pulled Defendant into the car. Thus, Defendant was able to call into question Officer Mendoza's credibility through cross-examination, and Investigator Ballew's testimony would have only been admissible to buttress Defendant's impeachment of Officer Mendoza. Finally, the negative impact of the ruling on Defendant's ability to confront and cross-examine the State's key witnesses was minimal, because testimony by Officer Baker and Officer Flores, alone, was sufficient to provide the factual predicate to support Defendant's conviction. We therefore conclude based on these facts, that the district court did not abuse its discretion in excluding Investigator Ballew's testimony.

**III.    The District Court Erred in Not Entering a Finding That Defendant Committed a "Serious Violent Offense"**

{18}    Defendant contends that his sentence is illegal because Defendant was sentenced as a serious violent offender, but the district court did not enter findings to support that Defendant committed a serious violent offense as required by the Earned Meritorious Deductions Act (EMDA), NMSA 1978, § 33-2-34(L)(4)(o) (2006). The State concedes that remand is appropriate. While we are not bound by the State's concession, *see State v. Martinez*, 1999-NMSC-018, ¶ 26, 127 N.M. 207, 979 P.2d 718 ("[A]ppellate courts in New Mexico are not bound by the [a]ttorney [g]eneral's

12

concession of an issue in a criminal appeal."), we note that under Section 33-2-34(L)(4)(o) of the EMDA, the district court must make findings to support its determination that the offense was "'committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm.'" *State v. Scurry*, 2007-NMCA-064, ¶ 1, 141 N.M. 591, 158 P.3d 1034 (quoting *State v. Morales*, 2002-NMCA-016, ¶ 16, 131 N.M. 530, 39 P.3d 747). Where the district court has not entered findings fulfilling the statutory requirements, "including notice to the defendant of the district court's analysis," *id.* ¶ 4, our case law requires us to "reverse and remand to the district court to ascertain if its determination can be supported by appropriate findings." *Id.* ¶ 1. In the present case, the district court failed to enter any findings to support its determination that the "nature of this offense and the resulting harm" are such that Defendant's battery upon a peace officer should be classified as a serious violent offense. As a result, we reverse the district court's determination that Defendant committed a serious violent offense.

**CONCLUSION**

{19}    For the foregoing reasons, we affirm Defendant's conviction for battery on a peace officer, reverse the district court's determination that Defendant committed a

serious violent offense, and remand for the district court to ascertain if its determination can be supported by appropriate findings.

{20}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**

14