This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **NO. 32,704**

**AMBER SHAW,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Paul Kennedy & Associates, P.C.
Paul J. Kennedy
Arne R. Leonard
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} The State appeals the order of the district court dismissing all charges against Defendant, Amber Shaw. The district court found that the State failed to produce a potentially exculpatory videotape, did not respond to Defendant's motion to compel, and then did not respond to Defendant's motion to dismiss. Because Defendant was unable to receive a fair trial without the potentially exculpatory evidence, the district court dismissed her charges. We affirm.

**BACKGROUND**

{2} Defendant was charged with criminal sexual penetration in the fourth degree and criminal sexual contact of a minor in the fourth degree. The alleged victim, T.V., accused Defendant of engaging in a sexual relationship with her in 2006, during the time Defendant coached T.V.'s junior high school basketball team. The allegations were reported to law enforcement in the summer of 2010 after T.V. communicated with her mother, who reported the allegations to the school superintendent, who, in turn, informed the police.

{3} From a pre-trial interview with T.V. in May 2012, Defendant learned of a safehouse interview given to police on January 24, 2006. The interview resulted from a conversation between T.V. and a friend in which T.V. stated that she was sexually abused by her stepbrother. The interview was recorded on videotape. Defendant requested and, on October 22, 2012, was given, a copy of the police report relating to

this incident but did not receive the requested recording. On November 6, 2012, Defendant filed a motion to compel production of exculpatory evidence, seeking to obtain the safehouse video recording, among other evidence. The State did not file a response to Defendant's motion to compel. On December 6, 2012, Defendant filed a motion to dismiss the indictment. The State did not respond to the motion to dismiss. On January 11, 2013, the district court granted Defendant's motion to dismiss. The district court found that "the State failed to properly produce and destroyed potentially exculpatory information[,]" and, as a result, Defendant was prejudiced and could not receive a fair trial. The district court pointed out that sixty-five days had passed without any responsive pleading by the State, that thirty-five days had passed without any response to the motion to dismiss, and that Defendant's motion to dismiss was dispositive. The district court also noted that, by the date of the dismissal order, the indictment had been filed nearly two years prior and the trial was three weeks away.

{4}     On appeal, the State contends that the district court erred in dismissing with prejudice the case against Defendant. The State makes three arguments in support of its contention that the dismissal of Defendant's case should be overturned: (1) the district court erred in accepting Defendant's factual assertions and legal arguments as true as sanction for the State's failure to respond to Defendant's motions, (2) the

3

remedy of dismissal for the loss or destruction of the recording of the safehouse interview was error, and (3) the district court did not conduct a speedy trial analysis and therefore the district court's reliance on speedy trial concerns was error.

**STANDARD OF REVIEW**

{5}     As noted by the parties, the correct standard of review of the district court's decision to dismiss the charges against Defendant as the remedy for lost or destroyed evidence is abuse of discretion. *See State v. Redd*, 2013-NMCA-089, ¶ 18, 308 P.3d 1000 (stating that we review a district court's remedy for lost or destroyed evidence and sanctions for discovery violations for an abuse of discretion), *cert. denied*, 2013-NMCERT-008, 309 P.3d 100. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027 (internal quotation marks and citation omitted). We view the evidence and the inferences to be drawn from the evidence in the light most favorable to the decision of the court. *Mathis v. State*, 1991-NMSC-091, ¶ 13, 112 N.M. 744, 819 P.2d 1302.

**ACCEPTANCE BY THE DISTRICT COURT OF MATTERS AS PLEADED BY DEFENDANT**

{6}     The State argues that the district court abused its discretion because the court accepted as true the facts and legal conclusions stated in Defendant's motions as sanction for the State's failure to respond to both motions. The State further argues

4

that the district court's acceptance of Defendant's incorrect characterization of the safehouse interview made by T.V. in 2006 erroneously established that the loss of the interview prejudiced Defendant. The State points out that, under Rule 5-112 NMRA, attorneys who fail to observe the rules of criminal procedure for the district courts "may be held in contempt of court and subject to disciplinary action." Citing other rules that provide for acceptance of pleaded facts and matters as true, the State argues that our Supreme Court did not intend for acceptance of pleaded matters to be a potential sanction for failure to file a written response to a motion.

{7}     After reviewing the district court's order and its acceptance of the matters pleaded by Defendant, the district court did not specifically identify its ruling as a sanction against the State for its failure to respond in violation of Rule 5-112. From the State's point of view, it might appear that the court's explicit acceptance of Defendant's version of the pleadings was a sanction. Another plausible alternative also exists. When only one version of the facts was presented for consideration, the district court was entitled to simply rule on the basis of the facts before it. Such a ruling would be based upon the merits of the matters presented, as opposed to a sanction for the State's failure to respond. Thus, we disagree with the underlying premise of a sanction offered by the State regarding the only plausible basis for the

5

district court's ruling on Defendant's two motions that were never responded to by the State.

**{8}**     The State further argues that the district court's reliance on Defendant's account of the information on the missing or destroyed videotape was an abuse of discretion. The State argues that the police report of the interview belies Defendant's assertion that T.V. identified her stepbrother as her abuser. On appeal, the State challenges the version of facts asserted in Defendant's motion to dismiss. Defendant argues that, by not disputing the facts to the district court, the State has not preserved this factual dispute. Defendant alternatively argues, and, accordingly, filed a motion requesting, that if we consider the factual assertions raised on appeal by the State, Defendant should be allowed to supplement the record in order to, in effect, respond to the State's new assertions.

**{9}**     The crux of the issue is the State's failure to respond to Defendant's motions, one of which was aimed at disposing of the case. The time and mechanism to challenge Defendant's presentation of the facts was in responsive briefing to the district court. *See* Rule 5-120 NMRA (delineating the procedure for filing motions, including the general requirement of a response in writing). The State explains in its docketing statement to this Court that it was awaiting the scheduled motion hearing

6

to present its opposition to Defendant's motions.  It did so contrary to the rules and thereby at its own peril.  *See* Rule 5-120(E) (stating that "a written response [to a motion] shall be filed within fifteen (15) days after service of the motion" unless otherwise specifically provided in the rules).  The State cites no rule or case indicating that the court was required to hold a hearing, and we therefore assume no such authority exists.  *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that when a party cites no authority to support an argument, we may assume no such authority exists).  During the sixty-five days that the motion to compel was pending and the thirty-five days that the motion to dismiss was pending, the State never filed a response.  Nor did the State move for an extension of time to file a response, move for a continuance or, after the order was filed, move for reconsideration or request that it be allowed to supplement the factual record.  By not offering the court any response to Defendant's motions, the State left the court with just one version of the matters at issue.  With regard to the State's contention that the district court erroneously accepted Defendant's "legal conclusions[,]" we note that, in its dismissal order, the district court only incorporated by reference Defendant's legal arguments, but did not explicitly adopt Defendant's legal conclusions.  The district court was not required to accept matters as presented by Defendant. However,

in the absence of any alternative version offered to the district court by the State, the court did not abuse its discretion by doing so.

**DISMISSAL AS REMEDY**

{10} The State also argues that dismissal was an inappropriate remedy for the loss or destruction of the recording of T.V.'s interview. Defendant's motion to dismiss argued that the loss or destruction of the recording violated her due process rights and met the test for a sanction of dismissal under New Mexico case law. New Mexico has adopted a three-part test to determine whether the loss or destruction of evidence violates the due process rights of a criminal defendant. *State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680. "[W]e look to whether (1) the state breached a duty or intentionally deprived the defendant of evidence, (2) the lost or destroyed evidence is material, and (3) the defendant suffered prejudice." *Redd*, 2013-NMCA-089, ¶ 19. Dismissal is an appropriate remedy for a due process violation resulting from the loss or destruction of evidence only when the defendant will be denied a fair trial if tried without the missing evidence. *State v. Hill*, 2005-NMCA-143, ¶ 23, 138 N.M. 693, 125 P.3d 1175.

8

{11} The State concedes that the first two factors of the *Chouinard* test weigh in Defendant's favor, if "only slightly." However, the State contends that Defendant was not prejudiced by the loss or destruction of the videotape, much less prejudiced such that "Defendant cannot have a fair trial" and that the district court abused its discretion in so finding. The State first argues that the district court abused its discretion in finding prejudice to Defendant because T.V. did not, in fact, make a false accusation of abuse during the safehouse interview and, in any case, Defendant could have impeached T.V. with the police report of the interview. The finding of prejudice is therefore undermined, according to the State, because the videotape was unhelpful or unnecessary to Defendant's defense. But the State's factual contentions about the content of the videotape were not raised below and were not before the district court when it decided on the importance of the videotape to Defendant. The district court did not abuse its discretion by failing to rely on a version of the facts that was not presented to it. *See Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153 ("An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case.").

{12} The State further argues that this case is similar to *Redd*, in which this Court reversed a dismissal because the loss of an audio recording of an interview with the victim did not prejudice the defendant. 2013-NMCA-089, ¶ 37. The defendant in

9

*Redd* faced multiple charges arising out of alleged sexual abuse of a minor. *Id.* ¶ 2. At issue was a lost or destroyed interview recording in which the victim failed to mention a type of abuse that she later accused the defendant of committing. *Id.* ¶ 6. In *Redd*, we held that the district court should have considered alternative remedies presented by the state in lieu of dismissal that would have ameliorated the prejudice to the defendant. *Id.* ¶ 34. The officer who conducted the interview at issue in *Redd* testified as to the contents of the initial interview and stated that he would be available to testify as to the information that was helpful to the defendant. *Id.* But here the State did not suggest alternatives to the district court and did not assert that the officer who took the interview would be available to testify. *Redd* is also distinguishable because the unavailable evidence in this case, unlike the missing audiotape in *Redd*, involves allegations against a different perpetrator. The content of the interview with T.V., which resulted from her accusation of her stepbrother for the same or similar allegations as those later made against Defendant, bears on T.V.'s credibility and was potentially exculpatory.

{13} We emphasize that dismissal is an extreme sanction reserved for exceptional cases. *Hill*, 2005-NMCA-143, ¶ 23; *State v. Bartlett*, 1990-NMCA-024, ¶ 5, 109 N.M. 679, 789 P.2d 627. Ordinarily, consideration of lesser remedies would be appropriate. *See Redd*, 2013-NMCA-089, ¶ 34 ("[T]he district court should have

10

considered other alternatives to dismissal that would have ameliorated any prejudice suffered by [the defendant.]"). But, because the State did not respond either to the motion to compel or the motion to dismiss, or otherwise offer an alternative remedy, the district court did not have before it other remedies that might have cured the prejudice caused by the State's loss or destruction of potentially exculpatory evidence. The State's failure to present a position to the district court in response to Defendant's motions made this an exceptional case. The court did not abuse its discretion in granting an unanswered motion to dismiss because the lost or destroyed evidence denied Defendant a fair trial.

**SPEEDY TRIAL ANALYSIS**

{14}     The State contends that the district court did not conduct a speedy trial analysis. A speedy trial analysis entails an examination of the length of delay, the reason for delay, the defendant's assertion of the right, and the prejudice to the defendant. *State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387; *Barker v. Wingo*, 407 U.S. 514, 530 (1972). We agree that the court did not conduct such an inquiry, but we do not believe the court relied on a speedy trial violation to dismiss the charges against Defendant. The district court noted that Defendant was indicted nearly two years prior to the order dismissing the charges and also that the trial was set for three weeks from the date of the order dismissing the charges, "leaving little time to attempt

11

to remedy the prejudice experienced by . . . Defendant." The court pointed out that, although the issue was not raised in Defendant's motions, "there would likely be speedy trial issues in this matter." To us, it appears that the court considered the fact that the case was set for trial and any potential remedy for the State's unexplained actions would cause further delay. Such consideration does not constitute an abuse of the court's discretion.

**CONCLUSION**

{15}    For the foregoing reasons, we affirm the order of the district court dismissing the charges with prejudice. Defendant's motion to supplement the record, filed September 10, 2013, is hereby denied.

{16}    **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**M. MONICA ZAMORA, Judge**