This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **NO. 33,868**

**ADOLFO VALENZUELA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellant

Richard B. Pugh
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} The State appeals from a district court order denying its motion to reconsider an order dismissing an indictment. We issued a calendar notice proposing to affirm. The State has responded with a memorandum in opposition. We affirm.

{2} The State continues to challenge the order of dismissal. We review the district court's ruling under an abuse of discretion standard. *See State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792 (reviewing the sanction of dismissal of a criminal case by a trial court under its inherent power for an abuse of discretion). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027 (internal quotation marks and citation omitted). We view the evidence and the inferences to be drawn from the evidence in the light most favorable to the decision of the court. *Mathis v. State*, 1991-NMSC-091, ¶ 13, 112 N.M. 744, 819 P.2d 1302.

{3} Here, the district court dismissed the indictment after the prosecutor failed to appear in court at the time set for jury trial. [RP 66] Notwithstanding the State's argument that dismissal was too extreme a sanction under these circumstances, we conclude that the district court's findings in the order denying the motion for reconsideration indicate that the court acted within its discretion. Specifically, the case was set for jury trial at 9:30 a.m. on Monday, March 24, 2014, with the case set as No.

1 on the docket. [RP 89] The State informed the court on March 20 that it was ready for trial. [RP 89] Nevertheless, the ADA did not appear on the morning of trial. [RP 89] Another ADA, who was not familiar with the case, informed the court that he would look into the matter. [RP 89-90] As a result of inquiries concerning counsel's whereabouts, at 9:57 a.m. the court received an email from the ADA's supervisor indicating that the attorney was stuck out of town. [RP 90] In her motion to reconsider the order of dismissal, the ADA did not expound on the reasons for her absence, instead simply stating that she had been "unexpectedly" out of town. [RP 70] The district court, in the order denying the motion for reconsideration, noted the lack of specificity and interpreted the ambiguity to mean that the ADA did not have justification, such as an "illness, a death in the family, or other emergency." [RP 91] As indicated above, under our standard of review we will defer to the court's reasonable interpretation of these facts, including the conclusion that the ADA willfully disregarding the trial setting. The fact that another ADA was present is not sufficient to show the district court abused its discretion, because that ADA was unfamiliar with the case. We are also not persuaded by the State's claim that the jury trial was not actually going to take place that date. It is purely speculative to conclude that nothing important would have happened on that date. In light of the fact that the district court gave the ADA the opportunity to personally explain her absence but

found the explanation insufficient, we believe that the district court acted within its discretion. *See Candaleria*, 2008-NMCA-120, ¶ 16 (stating that a party must be given notice and an opportunity to be heard before the case is dismissed).

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**