921 P.2d 950

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**George LUNA, Defendant–Appellee.**

**No. 16366.**

Court of Appeals of New Mexico.

June 13, 1996.

Tom Udall, Attorney General, Bill Primm, Asst. Attorney General, Santa Fe, for Appellant.

Jacquelyn Robins, Albuquerque, for Appellee.

## *OPINION*

PICKARD, Judge.

1. This case illustrates the tension between the public policy which protects the privacy of alleged victims and the constitutional right of an accused to marshall a defense and to confront and cross-examine adverse witnesses. Because the State failed to comply with two discovery orders, the trial court ruled that two State witnesses would not be permitted to testify. Under the peculiar facts of this case, we affirm.

*FACTS*

2. Victim and Defendant were IRS employees who had an affair. Victim accused Defendant of extorting sexual favors from her by threatening to reveal nude pictures of her to her husband if she ended the relationship with Defendant. The indictment charged twenty-five counts of extortion, extending from April 1989 to January 1993, as well as one count of bribery and five counts of telephone harassment. Victim reported her allegations regarding Defendant to the IRS, which conducted an internal investigation. The findings from the investigation were compiled in a lengthy written report. When the report was initially turned over to Defendant during discovery, large segments of the report had been redacted, including portions of Victim's affidavit. The State concurred with Defendant's motion for disclosure of the unredacted report. The district

court ordered "the State and/or the Department of the Treasury and/or the Internal Revenue Service" to provide the court with a complete, unredacted copy of the IRS report by February 27, 1995. The court's order allowed "individual words or numbers relating to identifying taxpayer information" to be obscured, but required such information to be listed in an affidavit giving specific reasons for any such redactions.

3. Victim mentioned in her affidavit to the IRS's internal investigator that she had entered counseling in March 1990, the time period between the third and fourth counts in the grand jury indictment. She also admitted that she had sent a "very emotional, melodramatic letter telling [Defendant] of my love for him" at about the same time that she entered counseling. Defendant filed a motion asking that Victim's psychotherapy records since 1983 be released to him for review. Defendant did not make specific allegations that Victim's perception or memory was affected, but indicated that the psychological records might reveal matters affecting Victim's credibility in light of the profession of love occurring coincidentally with the claim of extortion. Alternatively, Defendant asked that the records be disclosed for in camera review by the district court.

4. The court ordered that Victim's psychotherapy records be submitted for in camera review by February 27, 1995. The State did not oppose in camera review, and as late as ten days after the disclosure order, Victim was agreeable to releasing the records as ordered. The State first raised its objection that Defendant had made an insufficient showing to justify even in camera review on the day of trial.

5. During the pendency of the matter in district court, the IRS placed Defendant on unpaid leave from his job and did not permit him to advise on tax matters. During the initial motion hearing, Defendant advised the district court and the State that he would not agree to any continuances or delays in prosecution of the case.

6. On March 20, 1995, the day of trial, the State informed the court that Victim refused to release the records, asserting her privilege under SCRA 1986, 11–504 (Repl.1994) to prevent the release of her psychotherapeutic records. That day, the State for the first time presented Defendant with the unredacted report from the IRS internal investigation. Because of prejudice to Defendant and the State's failure to comply with the two discovery orders, the trial court ruled that neither Victim nor the IRS investigator would be permitted to testify. The State then informed the court that it could not proceed, and the trial court dismissed the case. The State appeals the district court's order of dismissal.

## DISCUSSION

### Standard of Review

7. The remedy for violating a discovery order is discretionary with the trial court. *State v. Montoya*, 116 N.M. 297, 304, 861 P.2d 978, 985 (Ct.App.), *cert. denied*, 116 N.M. 364, 862 P.2d 1223 (1993). The district court's decision to exclude testimony from witnesses whose prior statements have not been properly disclosed will not be overturned absent an abuse of discretion. *Mathis v. State*, 112 N.M. 744, 747, 819 P.2d 1302, 1305 (1991).

### Production of the Unredacted Report

8. Defendant argued that the redacted report was inadequate. The district court evidently agreed and ordered the State to provide a copy of an unredacted report. The State submits that Defendant could have subpoenaed the unredacted record as easily as the State. Further, the State argues that it cannot be required to produce materials which are not in its control and which it does not know to exist. However, the State failed to make any of these arguments to the district court and therefore failed to preserve this issue for appeal. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct.App.), *cert. denied*, 114 N.M. 550, 844 P.2d 130 (1992).

### Counseling Records

9. We evaluate the district court's decision to review Victim's psychological records in camera for abuse of discretion. *See State v. Ramos*, 115 N.M. 718, 722–23, 858 P.2d 94, 98–99 (Ct.App.), *cert. denied*, 115

N.M. 602, 856 P.2d 250 (1993). In camera review should not be granted based solely on a defendant's request. *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n. 15, 107 S.Ct. 989, 1002 n. 15, 94 L.Ed.2d 40 (1987). Rather, the defendant must make a threshold showing that he or she expects the records to provide information material to the defense. *Id.* A general assertion that inspection of the records is needed for a possible attack on the victim's credibility is insufficient to meet this threshold showing. *State v. Gonzales*, 121 N.M. 421, 426, 912 P.2d 297, 302 (Ct.App. 1996).

■ 10. Defendant's motion for disclosure of Victim's counseling records stated: "Defendant believes that it is likely that [Victim] revealed information to the therapist which may be relevant to issues of her credibility." We note that Defendant's request may not have been sufficiently particularized or compelling to justify in camera review. *See Gonzales*, 121 N.M. at 426–27, 912 P.2d at 302–03 (victim's history of alcohol abuse may have affected memory, perception, or judgment); *State v. Shiffra*, 175 Wis.2d 600, 499 N.W.2d 719, 721 (Ct.App.1993) (victim alleged to suffer from psychiatric disorder which affected her ability to relate facts). On the other hand, the unusual nature of this case, involving a person who claimed to be the victim of Defendant's extortion at the same time as she was professing her love for Defendant, may have provided some support for a good-faith belief that the records would reveal material to discredit Victim.

11. However, we need not decide whether Defendant's showing was sufficient because we believe that the court did not abuse its discretion due to the timing of the State's objection to disclosure. The State did not argue at the hearing on Defendant's motion for disclosure of Victim's counseling records that Defendant did not make an adequate showing to justify in camera review and instead agreed to submit the records for review. The State did not inform the court or Defendant that Victim was asserting her privilege until shortly before trial and did not object to the adequacy of Defendant's showing until the day of trial. Under the circumstances of this case, in which Defendant clearly indicated that he would not request or concur with extensions or continuances because he was unable to work during the pendency of the case, we cannot say that the district court abused its discretion in finding that Defendant was prejudiced by the delay and refusal to release the records. *See Montoya*, 116 N.M. at 304, 861 P.2d at 985.

12. At our request, the parties responded in supplemental briefing to this Court's recent decision in *Gonzales*, 121 N.M. 421, 912 P.2d 297. In *Gonzales*, this Court upheld the district court's exclusion of a complainant's testimony as a sanction against the State for refusing to permit the complainant to submit therapy records for in camera review. This Court rejected the State's argument that the psychotherapist-patient privilege articulated in SCRA 11–504 is absolute and can be asserted against disclosure to a defendant even after the content of the records has been disclosed to the prosecution. *Gonzales*, 121 N.M. at 424, 912 P.2d at 300.

13. The State submits that compelling disclosure of therapeutic records under any circumstances is contrary to the public-policy goal of encouraging victims of crime to seek therapy. *Gonzales* held that while the trial court cannot compel disclosure, the constitutional rights of the accused to confront witnesses and marshall a defense must be protected. In camera review of confidential information represents a compromise between the intrusive disclosure of irrelevant information on the one hand and the complete withholding of possibly exculpatory evidence on the other. *See Ramos*, 115 N.M. at 722, 858 P.2d at 98.

14. In this case, if the State had promptly objected to Defendant's request for disclosure, the district court would have been alerted to the alleged inadequacy of the showing in a timely fashion. Defendant would then have had to substantiate the need for disclosure or be denied even in camera review. In the absence of a timely objection from the State, the district court and Defendant were entitled to rely upon the State's failure to oppose disclosure as indicating that the State was not opposed to disclosure.

*Exclusion of Witnesses and Dismissal of Case*

15. Because the court could not order Victim to release the records, exclusion of her testimony was the only proper disposition. *See Gonzales*, 121 N.M. at 427, 912 P.2d at 303; *Shiffra*, 499 N.W.2d at 724–25 (suppression of witness' testimony was the only way to protect defendant's right to fair trial). Because the State failed to timely produce the unredacted report, the district court was also justified in excluding the testimony of the investigator who compiled the report. As in *Gonzales*, once the district court had suppressed Victim's testimony and that of the investigator, the State admitted that it could not prosecute the case. 121 N.M. at 427, 912 P.2d at 303. Based on this representation by the State, the district court properly dismissed the charges in the interests of justice. *See Mathis*, 112 N.M. at 747, 819 P.2d at 1305.

## CONCLUSION

16. We affirm the district court's dismissal of the case.

17. **IT IS SO ORDERED.**

ALARID and WECHSLER, JJ., concur.