This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v. NO. 33,296

ARLEN WEST,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
William C. Birdsall, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nicole S. Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

ZAMORA, Judge.

{1} Defendant appeals from the district court's judgment and sentence, convicting him for criminal sexual penetration in the third degree (CSP III) and bribery of a witness. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. Defendant's response adds an issue that was not raised in the docketing statement. We construe it as a motion to amend the docketing statement to add the issue and deny it. We are not otherwise persuaded by Defendant's response and affirm.

{2} On appeal, Defendant argues that the district court erred refusing to disclose the victim's mental health records. [DS 5; MIO 6-8] Defendant also argues that the district court erred by refusing to exclude mention of his HIV status. [DS 5; MIO 8-9] Lastly, for the first time on appeal, Defendant argues in his response that he was denied the effective assistance of counsel when trial counsel failed to strike a juror who worked with one of the police officers who investigated the case. [MIO 9-12] As indicated above, we view the last issue as a motion to amend.

**The Victim's Mental Health Records**

{3} In response to our notice, Defendant continues to argue that his defense was prejudiced by the district court's denial of disclosure of the victim's counseling records, because it prevented him from determining the accuracy of the victim's perception, memory, and credibility as a witness. [MIO 7-8] As we observed in our

notice, the district court expressed concern that, given Victim's admitted auditory hallucinations after the incident, her resulting hospitalization, and Victim's conflicting statement about penetration, there might be more contradictions that could come to light. [RP 199-200] Defendant sought in camera review of the medical information. [RP 70, 123] The district court granted Defendant's request by entering an order for Victim and the behavior health center to produce any and all of Victim's medical information. [RP 202] The district court conducted an in camera review of the information. The record suggests that the district court granted all the relief that Defendant sought. [RP 69-73, 122-124] We see no error in the district court's handling of such privileged and sensitive information. *See State v. Ruiz*, 2001-NMCA-097, ¶ 36, 131 N.M. 241, 34 P.3d 630 (holding that the proper procedure in response to a colorable request for disclosure of privileged information is for the district court to conduct an in camera review and turn over only relevant information for purposes limited by the court).

{4}     Defendant complains that the district court's silence after conducting the in camera review of the victim's mental health records denies him a record of sufficient completeness to permit proper consideration of his claims. [MIO 7] Defendant has not indicated to this Court that he sought any findings from the district court about further disclosure of the victim's records. As indicated above, the record also reveals no

3

attempt to obtain further disclosure or findings related to the district court's in camera review of the privileged information. As we indicated in our notice, we will not presume the district court erred in its in camera review. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court and the party claiming error bears the burden of showing such error).

{5}     Furthermore, the record gives this Court no reason to doubt the scope or quality of the district court's in camera review, and suggests that no further material information would have been gained from the disclosure of the victim's privileged medical records. As our notice detailed, the victim was forthcoming in her pretrial interview and at trial about her mental health generally and her condition on the day of the incident. [RP 177-89, 235-38, 240] This information provided by the victim included her mental and emotional instability and the inconsistency in her statements and emotions toward Defendant–plenty of unfavorable evidence about the victim and exculpatory evidence. [Id.] As we also noted, the victim's statements about the incident itself reveal a consistently lucid mind that was clear about the offense; it appears that it was after the offense that her hallucinations began. [RP 129, 167-69, 184, 234-35, 238-39]

**{6}** For these reasons, we are not persuaded that the non-disclosure of the victim's medical information affected Defendant's ability to prepare a defense or to cross-examine the evidence at trial. We conclude that the district court acted cautiously with regard to Defendant's rights and did not unduly limit Defendant's defense. *See State v. Luna*, 1996-NMCA-071, ¶ 13, 122 N.M. 143, 921 P.2d 950 ("In camera review of confidential information represents a compromise between the intrusive disclosure of irrelevant information on the one hand and the complete withholding of possibly exculpatory evidence on the other."). Defendant has not established prejudice or an abuse of discretion.

**Defendant's HIV Status**

**{7}** Defendant continues to argue that his HIV status should have been excluded from evidence because it was not relevant and highly prejudicial. [MIO 8-9] Defendant presents no new legal or factual argument to persuade us that the proposed analysis in our notice was incorrect. We conclude that the district court did not abuse its discretion in concluding that evidence of Defendant's HIV status was "extremely relevant" to the disputed issue of Victim's consent, because Victim alleged that she was aware of Defendant's HIV status when he had sex with her without a condom. [RP 229] The district court was careful to permit Defendant's HIV status to be introduced only through evidence of Victim's testimony, as it related to consent and

because her knowledge of it would be brought out with information concerning their past romantic relationship. [RP 228-29] Defendant's HIV status was discussed at trial only in the limited manner sanctioned by the district court and was mentioned only briefly – once on direct examination and once on cross-examination. [RP 237, 240] There was no misuse of the information at trial and no district court error under these circumstances.

**Motion to Amend the Docketing Statement**

{8}      As we stated above, we construe Defendant's late addition of an ineffective assistance of counsel claim as a motion to amend the docketing statement to add the issue. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 1989-NMCA-073,

¶ 44, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{9}     Defendant contends that his counsel was ineffective for failing to make a "for cause" objection to a juror, who stated during voir dire that he knew, in a professional capacity, one of the detectives who investigated this case against Defendant. [MIO 10] Defendant states in the response that the juror explained that he did not believe his relationship with the detective would hinder his ability to be fair and impartial. [Id.]

{10}     There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs. *Id.* Defendant must show deficient performance and establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an

7

appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

{11}    We are not persuaded that Defendant has made a prima facie showing of ineffective assistance of counsel, because there is no record of attorney incompetence and no record showing that the result would have been different if not for the incompetence. In the absence of a record showing a prima facie case, we have no sound basis to grant the motion to amend and remand. As a result, we refer Defendant to habeas proceedings if he wishes to pursue this allegation further, and deny the motion to amend.

{12}    For the reasons set forth in this opinion and in our notice, we affirm.

{13}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**