This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41128**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JADARIUS CORIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals his conviction for failure to register as a sex offender. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant's memorandum in opposition concedes that our proposed disposition as to Issue Five is appropriate. [MIO 2] Defendant also maintains what was stated in his

docketing statement as to Issues Two and Four. [MIO 1-2] A party responding to a summary calendar notice must come forward and specifically point out errors of law or fact in the proposed disposition, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}**     As to Issues One and Three, Defendant does not provide this Court with any additional facts or authority, but does assert that "[t]he evidence that the deputy failed to turn over could have provided the jury with reason to doubt the deputy's veracity." [MIO 1] Defendant does not elaborate further or otherwise indicate why this might have been the case. Defendant acknowledges that "he has no proof that the undisclosed evidence would have been favorable to him." [Id.]

**{4}**     In order to establish materiality, Defendant needs to "show circumstances that reasonably indicate that [the] records may contain information material to the preparation of the defense." *State v. Ortiz*, 2009-NMCA-092, ¶ 28, 146 N.M. 873, 215 P.3d 811. A general assertion that the report and recording were needed because they "could" provide a reason for the jury to doubt the deputy's veracity, particularly without any indication of how this could be the case, is insufficient to show materiality. *See State v. Boeglin*, 1987-NMSC-002, ¶ 29, 105 N.M. 247, 731 P.2d 943 (analyzing the materiality of an allegedly withheld tape recording and concluding that it was not material because it could only have been used to support the defendant's credibility generally and to attack the credibility of two witnesses); *cf. State v. Luna*, 1996-NMCA-071, ¶ 9, 122 N.M. 143, 921 P.2d 950 ("[T]he defendant must make a threshold showing that [they] expect[] the records to provide information material to the defense. A general assertion that inspection of the records is needed for a possible attack on the victim's credibility is insufficient to meet this threshold showing." (citation omitted)). Thus, consistent with our proposed disposition, we conclude that Defendant has not met his burden to show that the evidence was material and prejudicial to his defense or that it was in some way "determinative of guilt." *State v. Riggs*, 1992-NMSC-057, ¶ 8, 114 N.M. 358, 838 P.2d 975 (internal quotation marks and citation omitted); *see State v. Pacheco*, 2008-NMCA-131, ¶ 30, 145 N.M. 40, 193 P.3d 587 ("When evidence is lost in a way that does not involve bad faith, the defendant bears the burden of showing materiality and prejudice before sanctions are appropriate.").

**{5}**     Accordingly, for the reasons stated here and in our notice of proposed disposition, we summarily affirm Defendant's conviction.

**{6}     IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**